

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-89,842-01

**EX PARTE SAMUEL ROCHELL MADISON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-2-W011391-1407727-A
### IN THE CRIMINAL DISTRICT COURT NO. 2
### OF TARRANT COUNTY

*Per curiam*.

### **O R D E R**

Applicant was convicted of three counts of indecency by contact and sentenced to ten years' imprisonment for each count. The Second Court of Appeals affirmed his conviction. *Madison v. State*, No. 02-16-00420-CR(Tex. App.—Fort Worth Apr. 5, 2018) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, along with a supplemental application, and the district clerk forwarded them to this Court. *See* Tex. Code Crim. Proc. art. 11.07.

In his supplemental habeas corpus application, applicant contends that trial counsel was ineffective because he did not obtain the assistance of an expert and did not object to inadmissible

testimony suggesting the complainant was credible. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed further. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's supplemental claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The trial court shall also direct the district clerk to supplement the record with Attachments B and C cited in the court's April 2019 findings of fact and conclusions of law. The district clerk shall then immediately forward to this Court the trial court's supplemental findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 29, 2021
Do not publish